## HATCHELL v. CHANDLER.

1. RENT LIEN—AGENCY—WAIVER.—CHARGE complained of as to land-lord waiving his rent lien on crops of sub-tenant to secure rent of tenant, and as to agency, was properly given as responsive to the issues arising in the cause and under the pleadings, and not on the facts.

2. ARGUMENT—ATTORNEY—APPEAL—CHARGE.—If trial Judge improperly states argument of counsel, his attention should be called to it at the time, if it is desired to except to it.

3. CHARGE.—APPELLANT cannot complain of charge too favorable to him.

4. IBID.—RENT LIEN—DAMAGES.—A LANDLORD seizing crop under lien for rent is liable for punitive damages, if, in conducting the seizure and sale, he act wantonly, or recklessly, or maliciously, and the charge in reference to actual and punitive damages was not misleading, or on the facts.

5. APPEAL—NEW TRIAL—PREPONDERANCE OF EVIDENCE.—This Court cannot consider if a verdict is against the preponderance of the evidence.

Before TOWNSEND, J., Florence, January, 1900, term. Affirmed.

Action by A. P. Hatchell against J. T. Chandler. From judgment for plaintiff, defendant appeals.

*Mr. W. F. Clayton,* for appellant, cites : *As to charge on the facts:* 26 S. E. R., 238; 27 S. E. R., 484, 526, 662; 31 S. E. R., 62. *Exemplary or punitive damages cannot be predicated upon negligence, either ordinary or gross:* 38 S. E. R., 242; 32 S. E. R., 567.

*Messrs. George Galletly* and *Z. T. Kershaw,* contra (oral arguments by *Mr. Galletly*).

February 12, 1902.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   The complaint herein sets forth two causes of action—one for actual and the other for punitive

damages, for seizing and disposing of the plaintiff's crops in an unlawful manner.   The jury rendered a verdict in favor of the plaintiff for $250.

The defendant appealed, and his first exception is as follows: "1st.   That his Honor erred in charging the jury that if A. should not only allow B. to sub-rent, but should let out to those who sub-rented that they are not responsible if they pay B., he makes the contract with them; he was acting, or so talking that they are led to believe on their part that if he comes and says to C., that if they pay their rent to B., this will be sufficient, then he has got no lien on the sub-renter's crop.   The error complained of is that the same was not responsive to any allegations of the pleadings, and was a charge upon the facts."   There was testimony, introduced without objection, to the effect that the plaintiff sub-rented from Langston, to whom the defendant had rented the land.   This testimony was explanatory of the facts alleged in the pleadings, and the charge may very properly be said to be responsive to the issues arising under the pleadings.   As to that part of the exception which assigns error in charging upon the facts, we fail to discover any ground upon which it can be sustained.

The second exception is as follows: "2d.   His Honor erred in charging the jury: 'It is contended by the plaintiff's counsel in this case that the defendant here, Mr. Chandler, made Langston his agent to collect the rents from the sub-renters.'   Well, if he did, that is a matter of testimony. The error complained of is that there was no allegation of agency in the complaint; that the same was not responsive to the complaint and a charge upon the facts, or, at least, a repeating of the evidence while attributing it to the argument of plaintiff's counsel."   While it may be true there was no allegation of agency in the complaint, it does not follow that such testimony was not properly introduced to explain the transactions between the parties.   This Court regards the testimony as responsive to the issues, and in no respect was the charge upon the facts.

If the Circuit Judge erred in stating the contention of counsel, his attention should have been called to the error, in order that it might serve as the foundation for an exception on appeal to this Court.

The third exception is as follows: "3d. His Honor erred in charging: 'If you were to find that Chandler was his agent, that would not necessarily relieve the sub-renter; he was called Hatchell in the argument; that would not release him from the agreement between Langston and Chandler; but if you find that he induced Langston to sub-rent, that would make a different contract, and Chandler would have no right to look to Hatchell for any part of the rent.' The error complained of is that a permission to sub-rent does not take away the statutory lien upon all crops grown on the land, whether the same be raised by the tenant or other person, and that the charge was misleading and tended to prejudice the jury against the defendant; and it is in response to nothing in the pleadings, but is a charge upon the facts." The charge was favorable to the appellant, and we do not see what right he has to complain that he was thereby prejudiced.

The fourth exception is as follows: "4th. His Honor erred in charging the jury: 'I have not heard them contend on either side of the argument that the process was illegally issued, but the contention is that there was carelessness after it was issued. After having obtained his process from the Court according to law, he may have carried it out in such a careless manner as to make himself liable; he may do it in a wanton manner, a malicious manner, and thus lay himself liable to punitive damages.' The error complained of is that the charge was not responsive to the pleadings, and was a charge upon the facts, expressing the opinion of the Court as to those facts." The complaint sets forth two causes of action—one for actual and the other for punitive damages. The charge was responsive to the issues, and was not upon the facts.

The fifth exception is as follows: "5th. His Honor erred

in charging the jury: 'And it is claimed there was wantonness and negligence in the second cause of action, where it is charged the crop was left in the field and injured, so that they claim punitive damages. I said we are bound to use that ordinary care which an ordinary prudent man would use, and we are bound by that care, and if we don't observe it, we are liable for damages.' The error complained of is that he was discussing punitive damages, and by his charge held that punitive damages could be assessed upon ordinary neglect." Immediately preceding the language used by his Honor as set out in the exception, he said: "There are two causes of action—the first cause in the complaint is actual damages, and the second cause of action in the complaint is punitive damages; it is claimed that there was not ordinary care in seizing and selling the crop, and, therefore, the plaintiff sues for actual damages." It will thus be seen that the construction placed upon the charge by the appellant is untenable.

The sixth exception is as follows: "6th. That his Honor erred in charging defendant's first request with a condition. The request was: 'That if the jury believed from the evidence that the defendant used ordinary care and made no unnecessary delay in gathering the crop, then an act of God cannot be imputed to him and render him liable for damages.' The error complained of is that his Honor charged: 'I charge you that I make this remark in connection with it, that if you find that the defendant left the crop in the field too long, until the act of God came, until the storm came and destroyed it, that this would not relieve him; he would not be relieved by the act of God;' in that in so charging he charged upon the facts, and brought them prominently before the jury as an addenda to his charge of the law, and that by such charge the defendant was prejudiced." We fail to see wherein this was a charge upon the facts.

The seventh exception is as follows: "7th. His Honor erred in refusing to charge the defendant's second request: 'That unless it is shown by the preponderance of the testi-

mony that the defendant wilfully and wantonly and without legal authority seized the crop, then punitive damages will not lie; I cannot charge it that way. If a thing is done carelessly, there is a ground for punitive damages;' thus instructing the jury that ordinary neglect was a ground for punitive damages." This exception seems to have been taken under a misapprehension, as shown by the language of the Circuit Judge, which was as follows: "I cannot charge you that just as it is, but I will charge you that punitive damages are not justified unless the act is done wilfully and wantonly and without legal authority; but if he does it wilfully and wantonly, he renders himself liable for damages. I am requested to charge this, but I cannot charge it as it is. That is, unless it is shown by the preponderance of the testimony that the defendant wilfully and wantonly and without legal authority seized the crop, then punitive damages will not lie. I cannot charge it that way. If a thing is done wantonly, there is ground for punitive damages; and if it is done recklessly, there is a ground for punitive damages. A man may do a thing in either one of these ways and, as I have said, render himself liable for punitive damages."

The eighth exception is as follows: "8th. That his Honor erred in refusing to charge the third request of the defendant, 'That if the evidence is sufficient to convince you that the defendant had a lien upon the crop of the plaintiff for the rent of the land and was lawfully foreclosing said lien, that punitive damages will not lie.' The error complained of is in the fact that the said request was a legal conclusion and susceptible of standing upon the proposition stated, and any amendment thereto was calculated to mislead the jury." The only assignment of error is that the modification may have misled the jury. The exception fails to show in what respect the jury may have been misled; but, waiving this objection, it must be overruled.

The ninth exception is as follows: "9th. That his Honor erred in refusing to charge the jury the defendant's fourth

request: "That if the evidence convinces you that the defendant had a lien upon the crop of the plaintiff and was lawfully foreclosing the same, that in that event he would only be liable to the plaintiff for such sum as by his neglect he may have damaged the plaintiff, and could not recover punitive damages.' The error complained of is that by his refusal to so charge, the jury was misled; that neglect, although ordinary, would sustain a verdict for punitive damages."

In refusing the third request his Honor said: "I have just said that a man may subject himself to punitive damages in operating a lawful object. It depends upon how he performs his duty. If it be shown to the jury that a man did a thing wilfully and wantonly and without legal authority, that will subject him to punitive damages. If it were shown to the jury that it was done wantonly and recklessly, then the jury would be justified in giving punitive damages. So I cannot charge that." In refusing the fourth request, he used this language: "I cannot charge that, because of the same reason I have just given in reference to the other requests. A man may conduct himself so as to subject himself to punitive damages, no matter if he is doing it lawfully." With this explanation we are satisfied that the jury was not misled.

The tenth exception is as follows: "10th. That his Honor abused his legal discretion in refusing a new trial when the preponderance of the evidence did not show that the defendant recklessly, wilfully, maliciously or by gross neglect injured the plaintiff, the pleading showing that the jury had rendered a verdict for punitive damages." It will be observed that the exception does not allege that there was no evidence whatever, but that the finding of the jury was against the preponderance of the evidence, in the particulars mentioned in the exception. It is not necessary to cite authorities to show that it does not raise a question which this Court can consider.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.